## Dotson v. Steele, et al.

### (Decided February 23, 1923.)

### Appeal from Pike Circuit Court.

Boundaries—Location of Lines.—On the issue of fact as to the location of one of the lines to a small tract of land, held that the evidence sustains the verdict of the jury and the judgment of the court.

HAZELRIGG & HAZELRIGG and R. WALTER DOTSON for appellant.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The location of one of the lines to a half-acre tract of land belonging to appellant is the subject of this litigation. Appellees are the remote vendors of appellant, who holds title under a deed of July 14, 1913. The line in controversy is the first call in the deed and begins at a pawpaw "near the road, thence with the road" to Peter creek. There are two roads at that point to either of which the description might apply. One of them is referred to in the record as the Bushart road.

This suit was filed by appellees in the Pike circuit court to enjoin appellant from trespassing on the narrow strip of ground between the two roads. Appellant denied the trespass, alleged that he owned the land described in his deed, and asked that his title thereto be quieted. Appellees admitted that appellant owned the land described but denied that it included the strip in controversy. The

issue made in the evidence was, which of the two roads is the line referred to in the deed? The chancellor submitted the question to a jury, which found the Bushart road to be the line. Judgment was entered confirming the finding, but no injunction was granted.

It is contended that the pleadings do not make an issue as to the location of the first line called for in appellant's deed, and, accordingly, that the verdict of the jury and the judgment of the court were unauthorized. We do not agree with this contention. It is true that no issue was made as to appellant's ownership of the land described in his deed, but there was an issue as to whether the deed included the strip of land between the two roads, and that necessarily depended on a correct decision of the question submitted to the jury, i. e., which of the roads shown in the evidence is the one referred to in the deed? The finding on that issue was a determination of the claim of trespass. Adopting the verdict of the jury the court fixed the line at the Bushart road but did not grant an injunction. Appellant, however, cannot complain of the failure to issue an injunction, since he alone was the beneficiary of that failure.

It is also contended that the judgment should be reversed because appellant filed with his motion for a new trial certain affidavits and also a plat of a survey made by the county surveyor, all of which, as he insists, sustain the contention that the Bushart road is not the line referred to in his deed. It may be said in answer to this suggestion that the record shows that the court treated the motion for a new trial as if the case were submitted for judgment, and, notwithstanding the newly discovered evidence, overruled the motion, thus adhering to its original view that the jury's finding on the issue of fact was correct. We do not feel justified in setting aside that ruling, for after considering the entire record, including the evidence offered on the motion for a new trial, it is our opinion that the judgment is amply supported by the evidence. The jury found for appellees, the trial court adopted its finding, and, upon a consideration of the newly discovered evidence, refused to grant a new trial. We think the action of the trial court was proper.

The judgment is affirmed.